UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In re:

PRESTIGE MOTORCAR GALLERY, INC.,   CASE NO.: 11-40011-LMK

CHAPTER: 11

Debtor.
_____/

### ORDER DENYING MOTION TO ASSUME AND ASSIGN UNEXPIRED LEASE

THIS MATTER came before the Court for hearing on August 19, 2011, on the Chapter 11 Trustee for Prestige Motorcar Gallery, Inc.'s Motion for Approval of the Assumption and Assignment of an Unexpired Lease ("Motion") to Napleton's Tallahassee Imports, LLC pursuant to 11 U.S.C. § 365(a).  Craig Hornsby, a party in interest, filed an objection to the Motion and suggested that the Trustee does not have the legal right to assume and assign the lease.  This is a core proceeding and jurisdiction is proper pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A).

### BACKGROUND

Prestige Motorcar Gallery, Inc. ("Debtor") filed a petition for relief under Chapter 11 on January 6, 2011.  The Debtor is a new and used car dealership that operates in Tallahassee, Florida.  Joseph Luzinski ("Trustee") was appointed as the Chapter 11 Trustee for the Debtor on March 30, 2011.  Up until the appointment of the Trustee, Craig Hornsby ("Hornsby") operated the company and still remains the sole shareholder.  The dealership is comprised of two separate pieces of property, each with its own address and tax identification number.  The first is the main dealership which consists of one parcel owned, at the time of the auction sale, jointly by the Debtor and the family trusts of Hornsby and his wife. The other, which is the subject of the dispute here, is an adjacent property owned by Hornsby and his wife individually, or, as alleged in

1

Hornsby's objection, owned by the Hornsby's individual trusts. Prior to the petition date, Hornsby leased the adjacent property to the Debtor; and since the petition date, the lease payments have not been paid.

An auction sale, held by the trustee, of a majority of the Debtor's assets, took place on June 3, 2011, in which the main dealership property and assets were sold to Napleton's Tallahassee Imports ("Napleton") with a winning bid of $1.5 million. Prior to the auction sale, Napleton and Hornsby negotiated over the sale of the property, but were unable to reach an agreement.

I entered an order on May 5, 2011, granting the Trustee's Motion to Approve the Form of the Asset Purchase Agreement ("APA") and other Motions regarding the auction sale (Doc. 143). The APA in paragraph 2.1(c) states that the Seller shall sell to the Purchaser "the Seller's rights and privileges under certain contracts or agreements, including vendor service contracts, distribution contracts, leases…as more specifically identified on Schedule 2.1(c)." (Doc. 132). Schedule 2.1(c), attached to the APA, is titled "Assumed Contracts," and "NONE" is listed. The order I entered approving the APA states in paragraph 20 that the "Trustee shall seek approval of the Court at the Sale Approval Hearing to assume and assign to the Prevailing Bidder the Dealer Agreement, as well as any executory contract or unexpired lease identified in the APA." (Doc. 143). The order approving the auction sale to Napleton was entered on June 14, 2011. Paragraph 5 of the sale order states "no executory contract or unexpired lease of the Debtor shall be assumed and assigned to the purchaser. The Trustee may seek to assume additional executory contracts, but will do so upon separate motion." (Doc. 170). On July 5, 2011, the Trustee filed the Motion at issue here seeking to assume and assign the unexpired lease of the adjacent property to Napleton. Up until this point and throughout the sale process, the lease of the adjacent property, although clearly part of the dealership, was never included in any of the sale documents as property to be sold or transferred.

Hornsby has objected to the Motion arguing that (1) the Trustee does not have the legal right to assume or assign the lease; (2) the Trustee has waived assuming or assigning the lease; and (3) the purported lease is not an executory contract that can be assumed or assigned. (Doc. 211). A basis of Hornsby's objection to the assumption and assignment of the lease is that the lease is invalid because it was originally signed by Hornsby in his individual capacity, and not by the trustees of the Hornsbys' individual trusts. Thus, Hornsby argues, he did not have the legal right to lease the adjacent property.

The Trustee responds that because the lease was not listed in the Debtor's schedules, the lease was only discovered by the Trustee during the sale process. The Trustee contends that the assumption and assignment of the lease to Napleton would relieve the estate from paying any amounts curing the arrearage from the lease or a potential rejection damages claim by Hornsby. The Trustee further argues that Section 365(a) of the Bankruptcy Code allows a trustee to assume or reject any executory contract or unexpired lease and that this decision is held to the standard of the business judgment rule. The Trustee argues that if the assignee is able to provide adequate assurance of future performance, the statutory basis for assignment under Section 365(f), the lease may be assumed. The Trustee asserts that courts give great deference to a trustee's decision to assume or reject executory contracts, therefore this lease should be assumed and assigned to Napleton.

**DISCUSSION**

The issue presented here is whether I should approve the Trustee's decision to now assume and assign the lease of the adjacent property to Napleton. Section 365 of the Bankruptcy Code gives the trustee, subject to the court's approval, authority to "assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The policy behind Section 365 is that the trustee is empowered to make decisions that assist in the debtor's reorganization and

benefit the estate. *See In re Government Securities Corp.*, 101 B.R. 343, 349 (Bankr. S.D. Fla. 1989) ("The purpose underlying the provision allowing the trustee or the debtor to assume or reject a contract is to benefit the estate…"); *In re Midway Airlines, Inc.*, 6 F.3d 492, 494 (7th Cir. 1993) (The trustee's extensive power under 365 "reflects the important consideration that the trustee…should also be allowed to retain favorable contracts that benefit the estate.") *In re Talley*, 69 B.R. 219, 221 (Bankr. M.D. Tenn., 1986). As the court in *In re Talley* noted, this policy was articulated by the Supreme Court over a century ago:

> [The assignees in an "assignment in bankruptcy"] were not bound…to accept property of an onerous and unprofitable nature, which would burden instead of benefit the estate, and they could elect whether they would accept or not, after due consideration and within a reasonable time…

*In re Talley*, at 221 (quoting *Sparhawk v. Yerkes*, 142 U.S. 1, 13 (1891)).

I discussed the 11th Circuit's process of reviewing the trustee's decision to assume or reject an executory contract in *In re Weaver Oil Company, Inc.*, and found that the court should give perfunctory approval of the decision of the trustee subject only to review of the business judgment rule. No. 08-40379-LMK, 2008 WL 8202063, at *2 (Bankr. N.D. Fla. Nov. 17, 2008). The issue in *Weaver Oil* was the decision of the debtor-in-possession to reject an executory contract. I stated that the test under the business judgment rule simply requires a showing by the trustee or debtor-in-possession that rejection of the contract will likely benefit the estate. *Id.* It is true that courts give deference to the decision of the trustee and will generally only deny approval unless the court finds that the trustee's decision is so "manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, whim, or caprice." *Id.* (quoting *In re Pomona Valley Medical Group, Inc.*, 476 F.3d 665, 670 (Bankr. S.D. Fla. 1991)). However, the threshold requirement and burden of the trustee is to produce credible evidence that his decision

4

to assume or reject would benefit the estate or result in a successful reorganization. *Id.*; *See also In re Prime Motor Inns*, 124 B.R. 378, 381 (Bankr. S.D. Fla. 1991); *In re Sun City Investments, Inc.,* 89 B.R. 245, 249 (Bankr. M.D. Fla. 1988). Thus, in order to approve the Trustee's Motion to assume and assign the unexpired lease to Napleton, the Trustee must show that this decision would benefit the estate.

The Trustee's Motion states that the assumption and assignment of the lease would benefit the estate in two ways: (1) the estate would not be responsible for any claim of rejection damages by Hornsby resulting from the rejection of the lease; and (2) the Debtor's estate would avoid having to cure the outstanding lease payments. Hornsby has argued in his objection to the Motion to assume and assign the lease that the lease cannot be assumed because he signed the lease to the Debtor, not the trustees of the Hornsbys' individual trusts. He claims that the trusts are the owners of the adjacent property, thus making the lease to the Debtor invalid. Because Hornsby argues that there is no valid lease, he would be estopped from claiming rejection damages if the lease were assumed and assigned. Thus, only Napleton, not the estate, would benefit from the assumption and assignment of the lease.

As to the Trustee's argument that the Trustee was not aware that there was a lease on the adjacent property until the sale process because the Debtor did not include the lease in the schedules, I find that the Trustee and Napleton should have been aware that this property could have been included with the sale under the APA. Through the sale process, the parcel at issue, although clearly part of the dealership, was never included in the property to be sold or transferred. By virtue of the fact that the parcel was a part of the dealership, the parties should have been on notice that the property could have been dealt with under the APA.

Napleton was originally unable to come up with a deal for this property with Hornsby. In a move to accommodate Napleton after the sale, the Trustee filed the Motion to assume and assign

5

the unexpired lease. Paragraph 5 of the order approving the sale to Napleton states that the Trustee may seek to assume additional executory contracts upon a separate motion, but does not include unexpired leases. Further, the Trustee failed to meet the burden of showing a benefit to the estate other than the avoidance of a rejection claim by Hornsby. *See In re Weaver Oil Company, Inc.*, No. 08-40379-LMK, 2008 WL 8202063, at *2 (Bankr. N.D. Fla. Nov. 17, 2008) (Stating the burden of the debtor-in-possession to show the decision to reject or assume an executory contract benefits the estate). Without any showing of how the assumption of this lease is beneficial to the estate, I am unable to grant this motion. Accordingly, it is hereby

ORDERED and ADJUDGED that the Trustee's Motion for Approval of the Assumption and Assignment of an Unexpired Lease to Napleton's Tallahassee Imports, LLC (Doc. 183) is DENIED.

DONE and ORDERED in Tallahassee, Florida this 13th day of Sept., 2011.

LEWIS M. KILLIAN, JR.
United States Bankruptcy Judge

cc: all parties in interest